JORDAN *v.* STATE.

Feb. 11, 1952.

No. 38365 (56 So. (2d) 827)

E. L. Wingo, and T. P. Dale, for appellant.

**Geo. H. Ethridge,** Assistant Attorney General for appellee.

**Holmes, J.**

Appellant was charged by indictment in the Circuit Court of Forrest County with unlawfully and knowingly permitting on November 6, 1950, a game of chance to be carried on and played with cards for money in a certain building and place of business known as Englewood Club, of which he was alleged to be the lessee or occupant. The cause was transferred to the county court for trial, and on the trial of appellant in the county court, he was convicted and appealed to the circuit court, where the judgment of conviction was affirmed. He now prosecutes this appeal from the judgment of the circuit court which

affirmed the judgment of conviction rendered in the county court.

It is contended on this appeal that the trial court erred in admitting in evidence copies of certain permits and licenses issued by the State Tax Commission to appellant and Clay Redding as operators of the Englewood club without requiring the said copies to be properly authenticated by the certificate of the Chairman of the State Tax Commission, and without also requiring the applications for said permits and licenses to be offered in evidence. It is also contended that without the evidence afforded by the documents objected to, the evidence for the State is insufficient to support the conviction.

It may be said in the outset that if the copies of the permits and licenses objected to were properly admitted in evidence, then the State's proof is ample to support the conviction.

We find no merit in the contention that it was necessary for the State in offering the copies of the permits and license to likewise offer the applications therefor. We think that the admissibility of the copies of the permits and licenses was in no manner dependent upon the production of such applications. The determinative question of this appeal, therefore, is whether or not the trial court was correct in admitting in evidence the documents objected to.

The State's witness, C. N. Yelverton, whose testimony is undisputed, and who identified himself as District Supervisor for the State Tax Commission, in charge of the district supervisor's office at Hattiesburg, Mississippi, testified that in October, 1950, the State Tax Commission issued to appellant and Clay Redding, as owners and operators of Englewood or Englewood Club, a sales tax permit to do business, a tobacco permit and privilege license, a state privilege tax license to operate a five-cent music machine, a state-wide privilege tax license to operate a public dance hall, and a permit to engage in the business of retailing wine and beer. He further testi-

fied that under the State Tax Commission's procedure in issuing any such permits or licenses, written application therefor is made to the Commission by the owner or operator, and upon the approval thereof, the permit or license is issued in quadruplicate, and the original thereof, except as to the wine and beer permit, is mailed to the owner or operator, and a copy thereof mailed to the district supervisor of the district in which the business is operated, and a copy retained in the office of the State Tax Commission. It was further shown that as to the wine and beer permit, however, both the original and a copy thereof are mailed by the Commission to the District Supervisor, who delivers the original to the owner or operator and retains the copy as a part of the records of the Commission in his office. Mr. Yelverton further testified that this procedure was followed in the issuance of the aforesaid permits and licenses to appellant and Clay Redding and that the copies thereof, which were identified by him and introduced in evidence, were a part of the official records of the State Tax Commission in his office, of which he, as District Supervisor for the State Tax Commission, was custodian. In the light of these undisputed facts, we think that ▮▮ it was not necessary that the copies be certified by the Chairman of the State Tax Commission in order to render them admissible in evidence, since their authenticity, genuineness, and identity were established by the custodian thereof. "If the record is produced in court and identified by the custodian thereof, no further proof of its authenticity is usually required." 32 C.J.S., Evidence, Sec. 643, p. 507.

We are, therefore, of the opinion that the trial court committed no error in admitting the documents in evidence and since the proof as a whole is ample to support the conviction, it follows that the judgment of the court below should be and it is affirmed.

Affirmed.

**McGehee, C. J.,** and **Lee, Kyle** and **Ethridge, JJ.,** concur.